UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| HAROLD E. ARNDT  *and* | ) | |
| | ) | |
| ISLAND ROVER FOUNDATION, | ) | |
| *Plaintiffs*, | ) | Civil Case No.: 2:26-cv-00117-JCN |
| | ) | |
| v. | ) | |
| | ) | |
| TOWN OF FREEPORT, | ) | |
| *Defendant*. | ) | |

**DEFENDANT TOWN OF FREEPORT'S OPPOSITION
TO PLAINTIFFS' CORRECTED MOTION FOR REMAND**

The Town of Freeport (the "Town" or "Defendant") hereby submits its Opposition (the

"Opposition") to Plaintiffs' Corrected Motion for Remand [Doc. 13] filed by Plaintiffs Harold

Arndt ("Arndt") and Island Rover Foundation ("IRF," and with Arndt, "Plaintiffs"), as follows:

**I.       Defendant's Removal Was Timely Under The Express
         Teachings Of *Michetti Pipe*.**

Relying upon *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.* ("*Michetti Pipe*"), 526

U.S. 344 (1999), Plaintiffs argue that the Town's removal was untimely under 28 U.S.C. §

1446(b)(1) because Plaintiffs' counsel emailed a copy of the Complaint without a Summons to

counsel for the Town prior to the actual service of a Summons and Complaint on February 18,

2026.  Plaintiffs argue that the 30-day removal clock was triggered by their email of the Complaint

alone on February 2, 2026 (as part of their Motion to Consolidate).  Plaintiffs are wrong and have

misread *Michetti Pipe* and its progeny. *See Michetti Pipe*, 526 U.S. at 355 (enumerating four

possibilities for triggering the 30-day removal clock and stating: "Finally, if the complaint is filed

in court prior to any service, the removal period runs from the service of the summons.").  Because

the Summons and Complaint were served on the Town on February 18, 2026, the Town's removal

on March 6, 2026 (16 days after service) was well within the 30-day period for removal under 28 U.S.C. § 1446(b)(1).

On multiple occasions, this Court has confirmed that emailing a Complaint without effectuating service of the Summons, Complaint, and Notice of Electronic Service under Rule 4 is insufficient to trigger the 30-day removal clock. *See Liyanage-Don v. Liyanage-Don*, 2026 WL 353331, at *3 (D. Me. Feb. 9, 2026) ("[T]he evidence establishes the Plaintiff failed to include a copy of the summons alongside the motion to amend and amended complaint. This omission is fatal to the sufficiency of the service."); *Beer v. Toyota Motor Corp.*, 2024 WL 3738231 at *3 n. 4 (D. Me. Aug. 9, 2024) (noting that forwarding a complaint without formal service does not trigger the removal clock); *Van Eck v. Auction.com, Inc.,* 2024 WL 4234569 at *3 (D. Me. Sept. 19, 2024) (holding mere awareness of a claim without service does not start the time for removal).

As stated in that *Liyanage-Don*, "a 'defendant's time to remove [under 28 U.S.C. § 1446] is triggered by simultaneous service *of the summons and complaint*, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but *not by mere receipt of the complaint unattended by any formal service.*'" *Liyanage-Don*, 2026 WL 353331 at *3 (quoting *Michetti Pipe* 526 U.S. at 347–48 and with emphasis added).  Service under applicable federal and state rules require the service of both the complaint and the summons, in the prescribed manner, to fully effectuate service. *See* Fed. R. Civ. P. 4(e); M.R. Civ. P. 4(d) ("The summons, complaint, and notice regarding Electronic Service shall be served together.").  Accordingly, this Court should reject Plaintiffs' argument the removal clock was triggered by emailing only the Complaint without any Summons or based on asserted awareness of the Town, rather than its counsel, of a pending claim without actual service of process.  *Michetti Pipe* 526 U.S. at 347–48 (stating as a "bedrock principle" that a defendant is not obligated to engage in litigation until

"brought under the court's authority, by formal process[,]" and rejecting the argument that the removal clock is triggered by "mere receipt of the complaint unattended by any formal service.").

## II.    Remand To State Court Is Unwarranted.

Next, Plaintiffs argue that this action should be remanded to the State Court based on economy, convenience, fairness, and comity.  They contend that state law claims predominate the action and that novel issues of state law are presented.  They also assert that this Court should exercise its discretion to remand upon a determination that maintaining jurisdiction is inappropriate. Motion at 4.  This Court should reject these arguments because federal question jurisdiction exists and "[a] federal court that exercises federal question jurisdiction over a single claim may also assert supplemental jurisdiction over all state-law claims that arise from the same nucleus of operative facts." *BIW Deceived v. Local S6, Indus. Union of Marine & Shipbldg. Workers of Am.*, 132 F.3d 824, 833 (1st Cir. 1997); *see* 28 U.S.C. § 1367(a).

Consistent with 28 U.S.C. § 1367, supplemental jurisdiction allows a district court to maintain jurisdiction over a state claim where (1) the court has subject matter jurisdiction over a federal claim, (2) the state and federal claims derive from a common nucleus of operative fact, and (3) the claims must be such that the plaintiff would ordinarily be expected to try them in one judicial proceeding. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 725 (1966); *Vera–Lozano v. Int'l Broad.,* 50 F.3d 67, 70 (1st Cir. 1995). Supplemental jurisdiction exists if there is a "loose factual connection" between the federal and state claims. *Ammerman v. Sween,* 54 F.3d 423, 424 (7th Cir.1995). The exercise of supplemental jurisdiction lies within the broad discretion of the district court. *See Vera–Lozano,* 50 F.3d at 70.

Plaintiffs have asserted federal and state constitutional claim addressed to alleged Takings/Inverse Condemnation (Count I – Federal and State Constitutions); Equal Protection (Count II – Federal and State Constitutions); and Due Process (Count III – Federal and State Constitutions). These three "hybrid" counts are based on the same allegations for each count and same nucleus of operative facts. Because Plaintiffs have asserted claims that are based on the federal constitution and co-extensive Maine constitutional provisions, this Court should exercise jurisdiction over all claims through supplemental jurisdiction over co-extensive state law claims.

The same nucleus of facts applies to Count IV (Affirmative Claim of Equitable Estoppel); and Count V (Declaratory Judgment - Alleged Breach of 2014 Consent Agreement). In its Motion to Dismiss, the Town explained why Plaintiffs' affirmative Equitable Estoppel claim seeking to "preclude the Town from pursuing its enforcement and contempt actions" is barred as a matter of law[1] and seek to effectuate a prior restraint on petitioning activity. Regarding declaratory relief, this Court has considerable discretion to decline the invitation to grant declaratory relief to Plaintiffs, where they have conspicuously failed to invoke the State Court's jurisdiction in CV-14-28 (where IRF has been found to be in contempt by that court). *See* **Exhibits 1, 3, 8, 9** to Motion to Dismiss [ECF No. 7-1, 7-3, 7.8, 7.9 (State Court Orders)]. *Diaz–Fonseca v. Puerto Rico*, 451

---

[1] *Tarason v. Town of S. Berwick,* 2005 ME 30, ¶ 16, 868 A.2d 230 (citing *Buker v. Town of Sweden,* 644 A.2d 1042, 1044 (Me.1994)) (affirming "that equitable estoppel can be asserted against a municipality only as a defense and cannot be used as a weapon of assault."); *InfoBridge, LLC v. Chimani, Inc.,* 2020 ME 41, ¶ 8, 228 A.3d 721, 724 ("Because equitable estoppel is an affirmative defense, it must be "specially pleaded" in a defendant's answer. M.R. Civ. P. 8(c)"); *Am. Nat'l Fire Ins. Co. v. York Cnty.,* 575 F.3d 112, 118 (1st Cir. 2009) ("Because equitable estoppel is an affirmative defense, the insured bears the burden of proving both the 'misleading conduct' and the 'detrimental reliance' elements.").

F.3d 13, 39 (1st Cir. 2006) ("The Act 'neither imposes an unflagging duty upon the courts to decide declaratory judgment actions nor grants an entitlement to litigants to demand declaratory remedies.'").  All of Plaintiffs' state law claims arise out of the same factual nucleus, could be expected to be tried together by virtue of Plaintiffs' assertion of them within the same Complaint and otherwise satisfy a "loose factual connection" requirement between federal and state claims under applicable law. *Ammerman,* 54 F.3d at 424.

Contrary to Plaintiffs' arguments, state law claims do not predominate in the Complaint. Plaintiffs' constitutional claims are brought primarily under the federal authority, while reference to the Maine Constitution is an afterthought, as shown by the lack of any reference to any state enabling statute, 5 M.R.S. §§ 4681-85.  Meanwhile, declaratory relief, if granted in the discretion this court, would be a function of federal law.  *See* 28 U.S.C. §§ 2201–2202.  Finally, this Court has jurisdiction over all cases in law and equity, *see* U.S. Const., Article III, Section 2, Clause 1, and may exercise supplemental jurisdiction over Plaintiffs' affirmative Equitable Estoppel claim aimed at invoking equity to shut down enforcement and contempt actions.  Motion p. 6.

In addition, Plaintiffs' Complaint does not present novel or complex issues of state law. Although Plaintiffs assert that the present case seeks to resolve unsettled issues of state law ("ownership and control of the Vessel and the land on which it sits"), Motion, p. 7, this is not the case because Carter Becker and Falls Point Marine, Inc. ("FMPI") conspicuously have been omitted as fellow Plaintiffs in this proceeding.  Becker and/or FPMI are alleged in Plaintiffs' Complaint to be co-owners of the Vessel and are alleged to have lien mortgage on the Real Property, but they are not Plaintiffs in this action.  Also, there is nothing novel or complex about Plaintiffs' inability to invoke equitable estoppel affirmatively to "preclude the Town from pursuing its enforcement and contempt actions against the Plaintiffs," Motion at p. 6, citing Complaint,

¶144, petitioning activity that is protected by the First Amendment of the U.S. Constitution. Finally, Plaintiffs' constitutional claims are duplicative and based on the same allegations and same co-extensive federal and state constitutional provisions.

Plaintiffs' Complaint does not present any issues or claims that would warrant the Court to decline to exercise supplemental jurisdiction because the state claims "substantially predominate[] over the claim or claims over which the district court has original jurisdiction" or "the claim raises a novel or complex issue of state law." 28 U.S.C. §§ 1367(c)(1), (c)(2). As such, this Court should deny the Motion for Remand and exercise its original jurisdiction over federal claims and supplemental jurisdiction over state claims. 28 U.S.C. § 1367(a) (federal district court jurisdiction exists over state claims if they arise from the same case or controversy as claims over which the federal court has original jurisdiction); *Vera-Lozano,* 50 F.3d at 70 (noting discretion of court over supplemental jurisdiction).

In sum, retaining jurisdiction over Plaintiffs' Complaint will serve the interests of judicial economy, convenience, fairness, and comity.[2] Plaintiffs are authors of their own Complaint and have asserted claims based on the U.S. Constitution, as well as related and supplemental authority. This Court has a duty to exercise jurisdiction over claims that implicate its federal question jurisdiction and should exercise supplemental jurisdiction over state claims arising out the same nucleus of facts or same case or controversy. *Mata v. Lynch*, 576 U.S. 143, 150 (2015) ("And when a federal court has jurisdiction, it also has a "virtually unflagging obligation ... to exercise" that authority.") (quoting *Colorado River Water Conservation Dist. v. United States,* 424 U.S. 800, 817 (1976) and holding that a federal court should have asserted federal question jurisdiction and

---

[2] "Generally, as between state and federal courts, the rule is that the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction[.]" *Colo. River*, 424 U.S. at 817–18 (quotations and citations omitted).

addressed "the equitable tolling question"); *Nazario-Lugo v. Caribevision Holdings, Inc.,* 670 F.3d 109, 114 (1st Cir. 2012) (Stating that federal courts must abide by their "virtually unflagging obligation" to exercise their lawful jurisdiction and resolve the matters properly before them) (citing and quoting *Colo. River,* 424 U.S. at 817; *Burns v. Watler,* 931 F.2d 140, 145 (1st Cir.1991) (relying on *Cohens v. Virginia,* 19 U.S. 264, 6 Wheat. 264, 5 L.Ed. 257 (1821) (emphasizing the longstanding federal court duty to decide a controversy properly within its jurisdictional authority)).

WHEREFORE, the Town of Freeport respectfully requests the Court to deny Plaintiffs' request for remand to State Court, and grant such other and further relief as the Court deems just.

Dated: April 17, 2026                          Respectfully submitted,

                                               */s/ Daniel J. Murphy*
                                               Daniel J. Murphy, Bar No. 9464
                                               BERNSTEIN SHUR
                                               P.O. Box 9729
                                               Portland, Maine 04104-5029
                                               (207) 228-7120
                                               dmurphy@bernsteinshur.com

                                               Attorney for Defendant Town of Freeport

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the document set forth above and any supporting documents were served via U.S. Mail, First Class, postage prepaid, on the date indicated above on Counsel for Parties-In-Interest Carter Becker and "Falls Point Marine" (Curtis Thaxter - David Silk, Esq. and Jason Theobald, Esq.).  Counsel of record registered on CM/ECF for this action will be served the relevant filings through the CM/ECF system.

Dated:  April 17, 2026                          Respectfully submitted,

                                               */s/ Daniel J. Murphy*
                                               Daniel J. Murphy, Bar No. 9464

David Silk, Esq. and Jason Theobald, Esq.
Curtis Thaxter LLC
200 Middle Street, Suite 1001
Portland, ME 04101