**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

|  |  |  |
|---|---|---|
| HAROLD E. ARNDT *and* | ) | |
| | ) | |
| ISLAND ROVER FOUNDATION | ) | |
| *Plaintiffs*, | ) | Docket No. 2:26-cv-00117-JCN |
| | ) | |
| v. | ) | |
| | ) | |
| TOWN OF FREEPORT | ) | |
| *Defendant*. | ) | |
| | ) | |

**PLAINTIFFS' REPLY TO DEFENDANT'S**
**OPPOSITION TO MOTION FOR REMAND**

This case does not belong in federal court.  It is, at its core, a state-law dispute intertwined with long-running state litigation involving the same parties, facts, and property.  The claims implicate Maine property rights, a Maine consent order, and ongoing state proceedings—precisely the circumstances in which federal courts routinely decline jurisdiction.  Retaining the case here would invite duplicative litigation, risk inconsistent rulings, and undermine principles of comity and judicial economy.

The Town's Opposition offers no meaningful reason to depart from these well-established principles. Because removal was procedurally defective, and because the balance of economy, convenience, fairness, and comity overwhelmingly favors resolution in state court, this action should be remanded.

## I.    The Town's Notice of Removal was Untimely.

The Town's removal of this action was procedurally defective because it was filed outside of the thirty-day window mandated by 28 U.S.C. § 1446(b)(1).  The Town's Opposition rests on

an overly rigid reading of *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344 (1999) and ignores controlling First Circuit precedent governing when the removal clock begins.

Defendant contends that the removal period could not begin until formal service of the summons and complaint on February 18, 2026. (Opp. Br. 1-2.) That argument misreads *Murphy Bros.* In that case, the Supreme Court held that a defendant's removal clock is not triggered by the mere receipt of a "courtesy copy" of a complaint faxed to a corporate officer before any formal process had begun. 526 U.S. at 347-48.

This case is materially different. Here, the Town's counsel, who had represented the Town in closely related litigation for years pursuant to motion service process in state court, received the complete Complaint and civil cover sheet on February 2, 2026, in connection with a motion to consolidate with an ongoing state case involving the same parties and underlying dispute. The Town's counsel was expressly asked to accept service of the new complaint and motion to consolidate. *See* (Motion for Remand, Exhibit A). This was not an unsolicited "courtesy copy" sent into a vacuum. It was a formal transmission of the operative pleading in the context of active, related litigation, providing Defendant with all information necessary to evaluate removability. *See Romulus v. CVS Pharmacy, Inc.*, 770 F.3d 67, 72 (1st Cir. 2014) (holding that the clock is triggered when the defendant receives sufficient information to easily determine that the matter is removable).

Unlike in *Murphy Bros.*, Defendant was not a passive recipient of informal notice; it was an active litigant whose attorney of record through motion practice was directly provided with the Complaint and asked to accept service. The Complaint explicitly asserted some federal claims under the United States Constitution, and it was transmitted directly to counsel responsible for litigating the same underlying dispute. From that point forward, the Town had everything it needed

to remove the case.  Under these circumstances, Defendant's receipt of the Complaint falls squarely within the statute's "through service or otherwise" language.[1]  Therefore, the Town's failure to remove the case within thirty days renders its removal untimely.

## II.     The Court Should Exercise its Discretion to Remand.

The district courts retain broad discretion to remand pendent claims where it best serves the principles of economy, convenience, fairness, and comity.[2]  *See* 28 U.S.C. § 1367(c); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988); *Royal Canin U.S.A., Inc. v. Wullshleger*, 604 U.S. 22, 40 (2025).  Here, those principles overwhelmingly favor remand, especially considering that the state law claims predominate and it raises unsettled and complex issues of state law.

### A.  The State Law Claims Predominate.

The Town attempts to recast Plaintiffs' claims as primarily federal by labeling them "co-extensive."[3]  That characterization is inaccurate.  While some constitutional claims overlap, Plaintiffs assert independent state law claims—including equitable estoppel and declaratory judgment—that involve distinct legal standards, remedies, and proof.  These claims are not

---

[1] The Town relies on recent District of Maine cases suggesting that forwarding a complaint without formal service does not trigger the removal clock. (Opp. Br. 2.)  Those cases are distinguishable.  They involve situations where defendants received incomplete or procedurally defective service attempts, or where the transmission of a complaint occurred outside the context of active litigation and without sufficient indicia of formal notice.

[2] The Town's argument that this Court has a "virtually unflagging obligation" to exercise jurisdiction arises from the narrow *Colorado River* abstention doctrine, which governs whether a federal court should decline jurisdiction in favor of parallel state proceedings despite having a duty to adjudicate the case.  *Nazario-Lugo v. Caribevisión Holdings, Inc.*, 670 F.3d 109, 115 (1st Cir. 2012).  That doctrine is inapplicable here.  Plaintiffs do not seek abstention, but rather remand under 28 U.S.C. § 1367(c), where Congress has expressly granted courts broad discretion to decline supplemental jurisdiction.

[3] Maine has adopted the "primacy approach" to constitutional interpretation, meaning that in addressing a State Constitutional question, courts interpret the Maine Constitution first and they do so independent of federal constitutional doctrine, with federal precedent serving as potentially persuasive but not dispositive guidance with respect to constitutional provisions with similar goals.  *State v. Chan*, 2020 ME 91, ¶ 34, 236 A.3d 471 (Connors, J., concurring).

Accordingly, here, Plaintiffs' state constitutional claims are not "co-extensive" and explicitly brought separately because they are understood differently than federal constitutional claims.

incidental; they expand the scope of the case beyond the federal issues and focus heavily on state law doctrines and obligations arising under Maine law.

### B. The Case Raises Novel Issues of State Law.

The Town's assertion that no novel or complex state law issues are presented, based on the absence of certain parties or by reframing the claims, misses the point. The question is not whether every issue is unprecedented, but whether the case requires the interpretation of unsettled and ongoing matters of state law best addressed by state courts. *See Rossi v. Gemma*, 489 F.3d 26, 39, 39 n.24 (1st Cir. 2007). It plainly does. Moreover, the declaratory judgment claim directly seeks interpretation and enforcement of a Maine state court order—an area where federal courts routinely defer to state courts as a matter of comity. *Id.* at 34-35.

### C. Economy, Convenience, Fairness, and Comity Favor Remand.

The Town's arguments fail to grapple with the practical realities of this case. This action is intertwined with pending state proceedings involving the same parties, facts, and core issues. Retaining jurisdiction would create a substantial risk of inconsistent rulings—particularly on ownership, control, and the meaning of the 2014 consent order.

The Town's own filings elsewhere acknowledge that the state court is the appropriate forum to interpret and enforce its orders. Yet here, it asks this Court to proceed in parallel, duplicating judicial effort and fragmenting the dispute. That result would undermine judicial economy and fairness, not promote it.

In contrast, remand would allow a single court, which is already familiar with the dispute, to resolve all issues comprehensively. The motion for remand has prevented Plaintiffs from consolidating this case with the ongoing Superior Court case, CV-17-58, and eliminated the possibility of filing a subsequent motion to consolidate CV-14-28. Consolidation of these matters

may have allowed for a global resolution of these issues. These are precisely the circumstances in which courts decline supplemental jurisdiction in favor of state adjudication.

## CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court grant its motion to remand this case to the Maine Superior Court.

Dated at Portland, Maine, this 1st day of May 2026.

Respectfully Submitted,

/s/ Twain Braden
Twain Braden, Esq.

/s/ Colin Hull
Colin Hull, Esq.
Attorneys for the Plaintiffs
ARCHIPELAGO
1 Dana Street, 4th Floor
Portland, ME 04101
(207) 558-0102
tbraden@archipelagona.com
chull@archipelagona.com

## CERTIFICATE OF SERVICE

I, Colin Hull, hereby certify that on May 1, 2026, I filed the within document with the Court's CM/ECF system, which will forward a copy of such filing to all parties of record.

/s/ Colin Hull
Colin Hull, Esq.

5