UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| HAROLD E. ARNDT, et al., | ) | |
| | ) | |
| Plaintiffs | ) | |
| | ) | |
| v. | ) | 2:26-cv-00117-JAW |
| | ) | |
| TOWN OF FREEPORT, | ) | |
| | ) | |
| Defendant | ) | |

## RECOMMENDED DECISION ON MOTION TO REMAND

Following Defendant's removal of this matter from state court, Plaintiffs ask this Court to remand the matter to state court. (Motion to Remand, ECF No. 13.) After a review of the record and consideration of Plaintiffs' arguments, I recommend that the Court deny the motion.

### BACKGROUND

On February 2, 2026, Plaintiffs filed a complaint in state court, asserting the following federal and state constitutional claims and other state law claims: (1) regulatory takings and inverse condemnation claims under the Fifth and Fourteenth Amendments to the U.S. Constitution and Article I, § 21 of the Maine Constitution; (2) claims under the equal protection clause of the Fourteenth Amendment, Article I, § 6-A of the Maine Constitution, and 42 U.S.C. § 1983; (3) due process claims under the Fourteenth Amendment and Article I, § 6-A of the Maine Constitution; (4) a claim based on equitable estoppel under Maine law; and (5) a declaratory judgment claim under Maine law.

According to Plaintiffs, the asserted claims relate to their ability to build, control, and launch the *Island Rover*, a steel schooner (the Vessel) built by Plaintiffs and others. Plaintiffs' complaint describes a dispute that began in 2004 between Plaintiffs and Defendant (the Town of Freeport) regarding the Vessel's construction in a residential zone. The dispute generated much litigation and many settlement efforts. In 2014, the parties agreed to a consent order that provided for the Town to take an ownership interest in the Vessel and the land on which the Vessel rests if Plaintiffs did not meet certain benchmarks for completing and appropriately relocating the Vessel by September 9, 2016. Because Plaintiffs did not satisfy the requirements of the order, Plaintiffs were found in contempt. According to Plaintiffs, the Town has, through "administrative obstacle-creation," frustrated their efforts to relocate the Vessel, meet the benchmarks specified in the 2014 consent order, and purge themselves of contempt. (Complaint ¶ 132, ECF No. 1-3.)[1]

On February 2, 2026, Plaintiffs' counsel emailed the attorney who represented the Town in related proceedings in state court, referencing and attaching the complaint and the civil cover sheet Plaintiffs filed commencing this case. Plaintiffs asked whether the Town's lawyer would accept service on behalf of the Town. After receiving no response, Plaintiffs attempted to serve the Town on February 12, 2026, by hand delivering the summons and complaint to the Town and emailing the Town's counsel a copy of the

[1] The state court, in the proceedings on the Town's motion for contempt did "not accept the arguments" made by Plaintiffs in that proceeding that their attempts to purge their contempt had "been improperly frustrated by the Town." (*See Town of Freeport v. Island Rover Foundation, et al.,* CV-14-28, Order dated July 3, 2018 ¶ 1, ECF No. 7-9.)

summons.[2] After the Town's counsel raised concerns about the adequacy of service, Plaintiffs arranged for the Cumberland County Sheriff to serve the Town with a copy of the summons and complaint, which service occurred on February 18, 2026.

Upon the commencement of this case, Plaintiffs moved to consolidate this case with the related proceedings in state court, captioned *Town of Freeport v. Island Rover Foundation et al.*, CV-17-58. In that case, the Town sought, among other things, a declaratory judgment that it is entitled to take possession of the Vessel. Plaintiffs maintain that the Town's declaratory judgment action has been stayed since 2020 to permit the parties time to develop a plan to launch or appropriately relocate the Vessel. This Court denied Plaintiffs' motion to consolidate this case with the Town's declaratory judgment action pending in state court without prejudice to Plaintiffs' ability to renew the motion should this case be remanded to state court.

## LEGAL STANDARD

A civil action filed in state court may be removed by the defendant to the appropriate federal district court if the defendant can establish that the complaint provides a basis for federal jurisdiction. 28 U.S.C. § 1441(a). For example, and as relevant here, federal courts have "jurisdiction of all civil actions arising under the Constitution" and other federal laws. 28 U.S.C. § 1331. If, in addition to federal-law claims, a complaint states claims arising under state law based on the same set of facts, a federal district court "may adjudicate those claims too, in the exercise of what is called supplemental jurisdiction." *Royal Canin U. S.*

[2] The record does not reveal whether the summons and complaint were delivered to the Town clerk, or one of the selectpersons or assessors, as contemplated by Maine Rule of Civil Procedure 4(d)(5).

*A., Inc. v. Wullschleger*, 604 U.S. 22, 25 (2025) (citing 28 U.S.C. § 1367). The district courts may, however, decline to exercise supplemental jurisdiction over a claim if:

> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c). As the statute confirms, supplemental jurisdiction is discretionary, and may be refused under the circumstances enumerated. *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997). The statute "reflects the understanding that, when deciding whether to exercise supplemental jurisdiction, a federal court should consider and weigh in each case, and at every stage of the litigation, the values of judicial economy, convenience, fairness, and comity." *Id.* (quotation marks omitted).

Procedures for removing a case from state court to federal court are found in 28 U.S.C. § 1446. The removing party must file with the federal court "a notice of removal . . . containing a short and plain statement of the grounds for removal, together with a copy of all process, pleadings, and orders served upon" the defendant. *Id.* § 1446(a). In general, the notice of removal must "be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based," or within 30 days after service of the summons if the initial pleading has been filed with the court and is not required to be

served on the defendant, whichever period is shorter. *Id.* § 1446(b)(1). When interpreting this section, the Supreme Court has indicated that the 30-day clock for removal under section 1446(b)(1) "is triggered by simultaneous service of the summons and complaint, or receipt of the complaint 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348 (1999).

Failure to follow the removal procedures under section 1446 may provide grounds for remand under 28 U.S.C. § 1447(c). *Heller v. Allied Textile Cos., Ltd.*, 276 F. Supp. 2d 175, 180 (D. Me. 2003). Section 1447(c) permits the filing of a motion to remand within 30 days of the notice of removal based on a defect in removal procedure – i.e., "any defect that does not go to the question of whether the case originally could have been brought in federal district court." *Id.* (quotation marks omitted).

## DISCUSSION

### A. Timeliness of Removal

Plaintiffs first challenge the timeliness of the Town's notice of removal. Citing *Romulus v. CVS Pharmacy, Inc.*, 770 F.3d 67 (1st Cir. 2014), Plaintiffs contend that the 30-day removal period under section 1446(b)(1) begins to run when a defendant receives a pleading that provides enough information to determine that the matter is removable. Plaintiffs contend that the time for removal commenced on February 2, 2026, when the lawyer representing the Town in its declaratory judgment action received, by email, a copy of the complaint and the civil cover sheet. Because the Town's notice of removal was filed 32 days later, Plaintiffs contend remand is required. The Town, citing Supreme Court and

other authority, argues that the removal period begins after formal service of process. *See, e.g., Michetti Pipe*, 526 U.S. at 347-48; *Liyanage-Don v. Liyanage-Don*, No. 1:25-cv-00461-SDN, 2026 WL 353331, at *3 (D. Me. Feb. 9, 2026).

Plaintiffs' reliance on *Romulus* is unpersuasive, as that case concerned the timeliness of a notice of removal under a section of the removal statute, § 1446(b)(3), that does not apply to this case. In *Romulus*, the First Circuit assessed the relationship between the time for removal under section 1446(b)(1) (which governs when the allegations in the initial pleading include grounds for removal) and the time for removal under section 1446(b)(3) (which governs when the allegations alleged in the initial pleading do not include grounds for removal, but an amended complaint, motion, or other "paper" provided by a plaintiff after the initial pleading provides the first opportunity for a defendant to determine that the case is removable). *See Romulus*, 770 F.3d at 69-74. The court did not, however, separately assess the timeliness of a notice of removal under section 1446(b)(1), or determine the removal time begins to run under section 1446(b)(1) when a copy of a pleading is provided to a defendant without service of the summons. *See id.* at 73 ("The district court's first remand order, issued after [the defendant] removed the case within thirty days of the initial pleading, is not before us. The question is whether [the defendant's] second notice of removal was timely under Section 1446(b)(3).").

The Town's position is well supported by the case law that it cites, as well as the state and federal rules for service, which rules require service of the summons and the complaint. *See* Fed. R. Civ. P. 4(e); M.R. Civ. P. 4(c)-(d). As the Town notes, the Supreme Court held that a defendant's time to remove under section 1446(b) does not begin to run

until the defendant is officially summonsed to appear in the action. *See Michetti Pipe*, 526 U.S. at 354. The Supreme Court rejected the plaintiff's proposed "receipt rule," which would have started the removal period when the defendant received a copy of the complaint by fax despite the absence of formal service. *Id.* at 356. In assessing the legislative history of the statute, the Supreme Court found no suggestion that Congress, in adopting section 1446(b)(1), "intended to dispense with the historic function of service of process as the official trigger for responsive action by an individual or entity named defendant." *Id.* at 353. Indeed, to construe the statute as Plaintiffs argue—for the removal period to start to run before formal service—could require a defendant to assess whether removal was appropriate and file a notice of removal before the defendant was even required to file a responsive pleading to the complaint. Such a result would be inconsistent with not only "the historic function of service of process," *id.*, but fundamental fairness. In short, Plaintiffs' timeliness argument is unavailing.

**B. Plaintiffs' Request for Remand Under Section 1367(c)**

This Court has federal question jurisdiction over Plaintiffs' claims that arise under the U.S. Constitution and federal law. *See* 28 U.S.C. § 1331. This Court may also exercise supplemental jurisdiction over the state law claims, as those claims are based on the same set of facts as the federal claims. *See* 28 U.S.C. § 1367(a).

Plaintiffs urge the Court to exercise its discretion to decline to exercise supplemental jurisdiction under section 1367(c). Citing section 1367(c)(2), Plaintiffs contend that their state law claims substantially predominate over the federal law claims, asserting that the state law claims "both outnumber and exceed the scope" of the federal claims. (Motion at

6.) Referencing section 1367(c)(1), Plaintiffs also contend that their claims raise novel and complex issues of state law, "particularly regarding the ownership and control of the Vessel." (Motion at 7.) More generally, Plaintiffs argue that remand would best serve the interests of economy, convenience, fairness, and comity, as the Vessel's ownership and the parties' rights and obligations under the 2014 consent order are issues currently before the state court in the Town's declaratory judgment action. The Town argues in part that remand is not appropriate because "when a federal court has jurisdiction, it also has a 'virtually unflagging obligation . . . to exercise' that authority." *Mata v. Lynch*, 576 U.S. 143, 150 (2015) (quoting *Colo. River Water Conserv. Dist. v. United States*, 424 U.S. 800, 817 (1976)).

Plaintiffs are not entitled to remand of the case under section 1367(c) as they argue. By its own terms, section 1367(c) addresses when a district court "may decline to exercise *supplemental jurisdiction* over a claim." 28 U.S.C. § 1367(c) (emphasis added). The statute does not permit a federal court to decline to exercise its original jurisdiction with respect to claims that arise under federal law. *See* 13D Wright & Miller's Federal Practice & Procedure § 3567.3 & n.45 (3d ed. 2026) (collecting case law supporting the rule that section 1367(c) "permits discretionary dismissal only of claims that invoke supplemental jurisdiction" and "does not permit a court to dismiss claims that independently satisfy . . . a basis of original jurisdiction"); *see also* Erwin Chemerinsky, Federal Jurisdiction 375 (7th ed. 2016) (concluding that this rule "seems clearly correct because a party should not lose federal court jurisdiction over matters properly before the federal court because of the

presence of other claims”). Because Plaintiff alleges claims within the Court’s original jurisdiction, remand of the case is not appropriate.[3]

## CONCLUSION

Following a review of the record and after consideration of the parties’ arguments, for the reasons discussed above, I recommend that the Court deny Plaintiffs’ motion to remand.

## NOTICE

> A party may file objections to those specified portions of a magistrate judge’s report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof.
>
> Failure to file a timely objection shall constitute a waiver of the right to de novo review by the district court and to appeal the district court’s order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 11th day of September, 2026.

[3] Because Plaintiffs did not ask the Court to remand only the state law claims, I do not address whether remand of the state law claims, while the federal claims remain pending in this Court, would be appropriate.